UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
A.W.S., a minor, by and through his Parents,
and individually, KAYLA LOOKING HORSE,
and JONATHAN K. SMITH,

                              Plaintiffs,

 - against -

SOUTHAMPTON UNION FREE SCHOOL
DISTRICT,

                              Defendant.
------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**

2:19-cv-889 (DRH) (ARL)

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation of Magistrate Judge Arlene R. Lindsay, dated February 28, 2022 (the "R&R") [DE 199], recommending that the Court (i) deny the captioned Plaintiffs' motion to strike Defendant Southampton Union Free School District's affirmative defenses and (ii) deny Plaintiffs' motion to strike Defendant's answer for spoliation of video evidence.

Plaintiffs filed objections to the R&R pursuant to Federal Rule of Civil Procedure ("Rule") 72 on March 14, 2022, [DE 100] ("Obj."), to which Defendant responded on March 28, 2022, [DE 101] ("Obj. Resp."). For the reasons stated below, Plaintiffs' objections are overruled and the Court adopts the R&R.

## BACKGROUND

The Court assumes the reader's familiarity with the underlying facts.

Plaintiffs allege A.W.S. suffered a head injury during his First Grade recess period on January 31, 2018 after falling off the "fireman's pole" in Defendant's playground. Prior to commencing this action, Plaintiffs' counsel sent Defendant two letters—a March 5, 2018 litigation hold letter and a March 27, 2018 claim letter—in which it asserted the recess occurred between 11:10 AM and 11:30 AM. [DEs 85, 86]. The Complaint, filed February 19, 2019, asserts the same. [DE 1]. So too does Plaintiffs' Requests for Admission served on June 10, 2019. [DE 88]. Both parties now, however, agree the First Grade recess took place between 11:30 AM and 11:50 AM.

On November 13, 2019, Plaintiffs moved via letter to strike Defendant's Answer for spoliation of evidence based on a deficient video recording provided in Defendant's Initial Disclosures. [DE 29]. The recording captured three minutes and twenty-five seconds of footage timestamped between 11:03 AM and 11:33 AM on January 31, 2018. [DE 82]. Judge Lindsay denied Plaintiffs' motion at a hearing on January 14, 2020, [DEs 35, 36], and Plaintiffs objected on January 28, 2020, [DE 37].

On April 28, 2020, this Court deferred adjudicating Plaintiffs' motion to strike and ordered Defendant "to provide an affidavit from someone with first-hand knowledge of the situation explaining in detail [1] why the video footage provided spans only three minutes and twenty-five seconds as distinct from the thirty minutes of the video's represented run time and [2] why it does not fully encompass the recess

period from 11:30 AM to 11:50 AM," which the parties have acknowledged as the true recess period. Order dated April 28, 2020 at 5–6 [DE 41] ("April 2020 Order" or "Apr. 2020 Order"). Mark J. Hannan, Defendant's Director of Security, has since submitted two sworn affidavits – one dated May 27, 2020 and the other March 1, 2021. Ex. 2 [DE 80-2] to Declaration of Scott M. Moore [DE 80]; Aff. of Mark J. Hannan dated, Ex. G to Def. Opp. [DE 89] (together, the "Hannan Affs.").

The parties each requested leave to move for summary judgment. *See* Letter dated Oct. 22, 2020 [DE 58]; Letter dated Nov. 2, 2020 [DE 66]. Immediately thereafter, Plaintiffs filed letters requesting leave to renew their spoliation motion and to move to strike Defendant's affirmative defenses. *See* Letters dated Oct. 23, 2020 [DE 60, 61]. This Court held the summary judgment leave requests in abeyance and referred the two motions to strike to Judge Lindsay. Order dated November 3, 2020. On February 28, 2022, Judge Lindsay issued her R&R, recommending the Court deny both motions to strike. [DE 99]. Plaintiffs objected on March 14, 2022. [DE 100]. Defendant opposed Plaintiffs' objections on March 28, 2022. [DE 101].

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b).

"A 'motion to strike an affirmative defense is clearly dispositive of a defense of a party.'" *Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n*, 285 F. Supp. 3d 648, 653 (S.D.N.Y. 2018) (quoting *Specialty Minerals, Inc. v. Pluess–Staufer AG*, 395 F. Supp. 2d 109, 111 (S.D.N.Y. 2005) (internal quotation marks omitted)).

Whether a motion to strike an answer for spoliation is dispositive is not quite as clear. In *Kiobel v. Millson*, 592 F.3d 78 (2d Cir. 2010), the Second Circuit panel declined to answer the question, instead opting for three irreconcilable concurrences, *compare id.* at 84–90 (Cabranes, J., concurring) ("[T]he resolution of a motion for Rule 11 sanctions is a 'dispositive' determination that can be referred to a magistrate judge under § 636(b) for a report and recommendation only, which is then reviewed *de novo* by the district judge."), *with id.* at 90–105 (Leval, J., concurring) ("Analyzing the effects of the particular sanction imposed by a magistrate judge, to determine whether it is dispositive or nondispositive of a claim, is the approach that best implements Congress's intent."), *with id.* at 106–07 (Jacobs, C.J., concurring) ("I respectfully suggest that this knot needs to be untied by Congress or by the Supreme Court."). In the absence of binding authority, this Court exercises its discretion to treat this motion as a dispositive matter. *Estate of Jackson ex rel. Jackson v. Cnty. of Suffolk*, 2014 WL 3513403, at *3 (E.D.N.Y. July 15, 2014) (treating, "[i]n an abundance of caution," a magistrate's denial of motion to strike defendants' pleadings as dispositive and conducting a de novo review); *cf. Thomas v. Arn*, 474 U.S. 140, 154 (1985) (district court may review a magistrate's order, "sua sponte or at the request of a party, under a de novo or any other standard").

Accordingly, the Court reviews the recommendations concerning both motions *de novo*.

## DISCUSSION

The Court addresses the objections in the order in which Plaintiffs brief them.

### I.    Motion to Strike Affirmative Defenses

#### A.    Timeliness

The R&R concluded that Plaintiffs' Rule 12(f) motion was untimely because it was filed 716 days after Defendant filed its answer – that is, "well beyond the 21-day time limit imposed by Rule 12." R&R at 6. Plaintiffs object, contending that consideration of their "motion is a matter of discretion for the Court" and, by failing to discuss discretion, the R&R erred as a matter of law. Obj. at 3.

Plaintiffs' objection is overruled. Plaintiffs' motion to strike Defendant's affirmative defenses *is* untimely pursuant to Rule 12(f)(2)'s 21-day time limit and the motion may be denied on this basis alone. *Bishop v. Toys "R" US-NY, LLC*, 2009 WL 440434, at *3 (S.D.N.Y. Feb. 19, 2009) (declining to consider untimely Rule 12(f) motion where "[m]ore than 800 days passed between the filing of the[] answers and [the] motion to strike"), *aff'd*, 385 Fed. App'x 38 (2d Cir. 2010); *Feitshans v. Kahn*, 2007 WL 998400 (S.D.N.Y. Apr. 2, 2007). Plaintiffs offered no explanation for the approximately 700-day delay and, accordingly, gave no basis for Judge Lindsay to exercise her discretion pursuant to Rule 12(f)(1) in a manner favorable to them. R&R at 6; *see Handverger v. City of Winooski*, 2013 WL 12177040, at *2–3 (D. Vt. Oct. 22, 2013) (declining to exercise its discretion to consider Rule 12(f) motion filed "one year and nine months" late where movant "proffer[ed] no excuse for its failure to" timely

move).  Nor have Plaintiffs provided this Court, to facilitate its *de novo* review, reasons to exercise its discretion in favor of overlooking the motion's untimeliness.

In any event, Judge Lindsay *did* consider the merits of Plaintiffs' motion to strike notwithstanding its untimeliness and concluded the arguments were "not enough to meet Plaintiffs' burden."  R&R at 7–8.  The Court does so too and reaches the same conclusion in the following section.

### B.    Overbreadth

The R&R concluded "Plaintiffs' motion is overly broad in that it seeks to strike all of the affirmative defenses raised in the Answer without the slightest discussion of any burden faced by Plaintiffs because of the inclusion of the affirmative defense." R&R at 7.

Plaintiffs first contend Judge Lindsay erred by neglecting to address that the affirmative defenses do not fall "within Rule 8(c)(1)."  Obj. at 3–4.  Rule 8(c), however, "identifies nineteen separate affirmative defenses" in a list that "is not exhaustive." *Est. of Hamilton v. City of New York*, 627 F.3d 50, 57 (2d Cir. 2010), *abrogated on other grounds by Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013).  Plaintiffs recognized this in their briefing to Judge Lindsay when they wrote: "Rule 8(c)(1) provides a *non-exhaustive* list of recognized affirmative defenses. None of Defendant's affirmative defenses are among the list."  Opening Mem. to Strike Aff. Defs. at 8 (emphasis added) [DE 77].  To the extent Plaintiffs object by reasserting that the affirmative defenses should be struck because they are not listed in Rule 8(c)(1), that objection is overruled.

Plaintiffs next contend that the R&R erred by ignoring the claimed prejudice to Plaintiffs vis-à-vis the jury's confusion upon being presented with the twelve affirmative defenses sought to be pursued by Defendant. Obj. at 3–4 ("The [R&R] did not address the jury prejudice contended by Plaintiff[s]."). Plaintiffs suggest the affirmative defenses would sow confusion because (i) as above, they fail to appear in Rule 8(c)(1), (ii) they are better understood as "response paragraphs in accordance with Rule 8(b)(2)," and (iii) none are "applicable to the facts or causes of action in the Complaint." Opening Mem. to Strike Aff. Defs. at 7–8; Reply Mem. to Strike Aff. Defs. at 2–3 [DE 77-6]. But these reasons are unpersuasive because Plaintiffs fail to cite case law or apply law-to-fact to corroborate their view. The first reason given would not create jury confusion because an affirmative defense's validity does not turn on its appearance in Rule 8(c)(1). The second reason does not withstand scrutiny because the pleaded affirmative defenses are clearly not Rule 8(b)(2) "response paragraphs." *E.g.*, Answer ¶ 43 (first affirmative defense: culpable conduct), ¶ 44 (second affirmative defense: failure to state a claim), ¶ 45 (third affirmative defense: failure to mitigate damages). And the third reason is adversarial argument unaccompanied by analysis in support.

Rule 12(f) motions "are viewed by courts with disfavor and are granted infrequently," and, here, Plaintiffs (*i.e.*, the movants) have not overcome their "particularly high burden" to warrant the relief they seek. *See Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 2000 WL 1876916, at *1 (S.D.N.Y. Dec. 22,

2000).  Judge Lindsay correctly concluded that Plaintiffs failed to meet their burden to show the affirmative defenses should be struck.  Plaintiffs' objection is overruled.

## III.    Motion to Strike Answer for Spoliation

### A.    The Court's Inherent Authority, Independent of Rule 37(e), to Sanction Defendant

Judge Lindsay concluded Rule 37(e) displaced her inherent authority to impose sanctions for spoliation of electronically stored information.  R&R at 8; *see* Fed. R. 37 Advisory Committee Notes to 2015 Amendment ("New Rule 37(e) . . . forecloses reliance on inherent authority or state law to determine when certain measures should be used" where "information that should have been preserved is lost.").  Plaintiffs object by pointing to *CAT3, LLC v. Black Lineage, Inc.*, 164 F. Supp. 3d 488 (S.D.N.Y. 2016), which, in Plaintiffs' reading, contradicts Judge Lindsay's conclusion.  Obj. at 4.

Plaintiffs are mistaken in relying on *CAT3*.  *See* Obj. at 4.  *CAT3* involved a unique situation where, after the defendants moved for sanctions, Rule 37(e) went into effect and overhauled the applicable standard for spoliation of electronically stored information.  164 F. Supp. 3d at 495–96.  Given the circumstances, the court had to determine whether application of the new Rule 37(e) "would not be feasible or would work injustice."  *Id.*  Read in context, then, the *CAT3* Court's imposition of sanctions pursuant to both Rule 37(e) and its inherent authority reflects a judicious decision to analyze the sanctions motion regardless of the propriety of applying Rule 37(e).  Whichever the standard, the *CAT3* Court held the plaintiff's actions warranted sanctions.  164 F. Supp. 3d at 498, 501.

Plaintiffs' motion does not arise in an analogously unique situation. There is no new rule to apply. There is no dispute that the spoliation at issue concerns video evidence—to wit, electronically stored information—meaning that Rule 37(e) applies. *Thomas v. Butkiewicus*, 2016 WL 1718368, at \*7 n.11 (D. Conn. Apr. 29, 2016) ("There does not appear to be a question that the surveillance video footage at issue . . . falls within the definition of 'electronically stored information' under Rule 37(e).").

More importantly: assuming, without deciding, that Judge Lindsay incorrectly determined Rule 37(e) eliminated a court's inherent authority to sanction Defendant, Plaintiffs failed to provide reasons, outside of those applicable to a Rule 37(e) analysis, for exercising that inherent authority. Plaintiffs mentioned a court's inherent authority once: in the penultimate sentence of their Reply. Reply Mem. for Sanction at 7 [DE 90]. Specifically, in the sentence before the Conclusion, Plaintiffs wrote, "Moreover, the Court may issue sanctions based on the [C]ourt's inherent authority to impose sanctions, instead of under Rule 37." *Id.* Judge Lindsay did not err by disregarding this bare assertion. As the movant, Plaintiffs bear the burden of persuasion, and an argument's shell absent its substance is not persuasive.

Plaintiffs make the same fatal mistake before this Court. They provide zero argument explaining why, if Rule 37 sanctions are denied, this Court should nevertheless sanction Defendant pursuant to its inherent authority.

This objection is overruled.[1]

---

[1]    In a footnote, Plaintiffs object that Judge Lindsay did not consider their request to exclude the video evidence pursuant to Federal Rules of Evidence 403 and 1002. Obj. at 4 n.1. This objection is overruled. Plaintiffs did not adequately raise

### B.     Duty to Preserve Video Evidence

The R&R concluded that "Defendant's duty to preserve in this action arose, at

the very latest, on March 5, 2018, when Defendant received [Plaintiffs'] counsel's

letter regarding the potential filing of the complaint arising from the alleged accident

on the playground on January 31, 2018." R&R at 11.  Plaintiffs say this is error

because they read this Court's April 28, 2020 Order as "already [holding that] the

duty to preserve arose on the date of injury, January 31, 2018." Obj. at 4.

In its April 2020 Order, this Court observed the duty to preserve evidence

arises when a party knows, or should know, that evidence may be relevant to future

litigation.  Apr. 2020 Order at 5; *see Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212,

216 (S.D.N.Y. 2003).  This Court specifically noted that Defendant did not "suggest[]

that there was a dispositive delay between the happening of the accident and its

awareness that litigation may follow."  Apr. 2020 Order at 5.  In other words, this

Court concluded there was no significant difference between the duty to preserve

arising on January 31, 2018 (the date of the incident) and March 5, 2018 (the date of

Plaintiffs' counsel advised Defendant of litigation).  Judge Lindsay's conclusion—that

Defendant's duty to preserve arose, "*at the very latest*," upon Defendant's receipt of

---

this argument in their Opening, Reply, or Objection briefing.  The entirety of their
position reads: "The Court can and should also exclude Defendant's video evidence as
prejudicial under FRE 403, and under FRE 1002 for failure to preserve the original
video."  Opening Mot. for Sanctions at 4 n.2.  Plaintiffs neither recite the applicable
legal standard nor argue *why* the Court should grant such relief.  Their bare assertion
does not carry their burden.

Plaintiffs' litigation hold letter—is not inconsistent with the Court's April 2020 Order. *See* R&R at 11 (emphasis added).

There being no inconsistency, Plaintiffs' objection is overruled.

**C.    Prejudice**

In applying Rule 37(e)(2), Judge Lindsay could not "conclude that Plaintiffs have demonstrated that they are prejudiced by the missing footage" because Plaintiffs failed to establish a "'likelihood that the destroyed evidence would have been of the nature alleged'" – *i.e.*, would have shown "that A.W.S. was injured on the playground outside on January 31, 2018." R&R at 14 (quoting *Hamilton v. Mount Sinai Hosp.*, 528 F. Supp. 2d 431, 444 (S.D.N.Y. 2007)). Plaintiffs object that this characterization is incorrect and "gives an unfair advantage to Defendant" in future motions. Obj. at 5.

On *de novo* review, this Court reaches the same conclusion as the R&R. Rule 37(e) "does not place a burden of proving or disproving prejudice on one party or the other"; it instead "leaves judges with discretion to determine how best to assess prejudice in particular cases." *Ungar v. City of New York*, 329 F.R.D. 8, 15–16 (E.D.N.Y. 2018) (quoting Fed. R. Civ. P. 37(e)(1), Advisory Committee Note to 2015 Amendments). Considerations include whether the movant offers "independent, circumstantial evidence that the [purportedly spoliated evidence] would have shown what [the movant] claims it showed." *Id.* "It is sufficient if the existing evidence plausibly 'suggests' that the spoliated [electronically stored information] could

support the moving party's case." *Karsch v. Blink Health Ltd.*, 2019 WL 2708125, at *21 (S.D.N.Y. June 20, 2019) (citing cases).

Here, the circumstantial evidence presented does not plausibly corroborate Plaintiffs' view that the destroyed video evidence would have shown A.W.S. being injured on January 31, 2018. Plaintiffs first point to A.W.S.'s parents' testimony that A.W.S.'s injury occurred on January 31, 2018 – but their insistence is undercut by a February 1, 2018 letter from A.W.S.'s father to Defendant contending that A.W.S. fell on August 29, 2018. *See* Ex. C to Obj. Resp. [DE 101-3]. Plaintiffs' second point— their expert's view that Defendant committed a "cover up" and that Defendant's expert made irrelevant findings—is not sufficiently persuasive either. By contrast, Defendant supplies (1) the sworn affidavit of Mark J. Hannan, who averred, "[w]hen I viewed the video footage, I saw that there was no outdoor recess and the playground was covered with snow," (2) the video evidence itself, reflecting an unoccupied snowy playground between, as relevant here, 11:30 AM and 11:33 AM on January 31, 2018, and (3) its expert's sworn testimony as to the weather conditions between 11:30 AM to 11:50 AM. *See* [DEs 80-2, 82–84]. Based on the limited evidence presented on this motion, the Court finds it unlikely that the video would show A.W.S. getting injured on January 31, 2018.

To the extent Plaintiffs contend this determination unfairly prejudges forthcoming motions for summary judgment, *Daubert* motions, and motions in limine, this Court disagrees. Here, this Court is not making findings of fact based on the entirety of the parties' evidence. For example, the parties do not provide any

deposition transcripts in full. *See, e.g.*, Ex. C to Objs. [DE 101-3]. Plaintiffs do not assert that the evidence supplied here is the complete body of evidence to be cited in their anticipated motions. *See In re Aluminum Warehousing Antitrust Litig.*, 2016 WL 11727416, at \*5 (motion for Rule 37(e) sanctions is "based on the Court's consideration of all the evidence in the record on this motion"). Additionally, the burdens, presumptions, and standards will be different on Plaintiffs' anticipated motions. By way of example, the summary judgment standard does not permit this Court to comment on what the video "likely" would show at an unrecorded time because that finding improperly weighs the evidence. *See id.* (whether a preponderance of the evidence shows "intent to deprive Plaintiffs of the use of the allegedly destroyed information . . . is not akin to a motion to dismiss where inferences are construed only in one direction; the Court is required [here] to weigh the record before it and make a finding"); *Guillebeaux v. Jewish Child Care Ass'n*, 2005 WL 1265906, at \*10 (S.D.N.Y. May 25, 2005) (summary judgment decision is "without any consideration of the weight or credibility of the evidence presented" and thus "should not be construed by either party as an assessment of the weight of the evidence in the case or an indication as to the likely success of either side at trial").

For the same reason, this Court's April 28, 2020 Order also does not prejudge the forthcoming motions. *See* Obj. at 5. The Order expressly noted that it was based on the limited evidence presented at that time. Apr. 28, 2020 Order at 4 ("Defendant has asserted that recess was held indoors on that day but *has proffered* no written or testimonial evidence tending to establish this fact." (emphasis added)).

Plaintiffs' objection is overruled.   The Court will not impose Rule 37(e) sanctions because Plaintiffs have not sufficiently shown prejudice, namely, that the missing evidence would have been favorable to it.

**D.      Culpable State of Mind**

The R&R concluded that Defendants did not commit a "conscious act of destruction or a 'conscious dereliction of a known duty to preserve electronic data.'" R&R at 14–19 (quoting *Ungar*, 329 F.R.D. at 13).   Plaintiffs argue the R&R errs "by not relying on" the April 2020 Order, which Plaintiffs read to have "voiced a concern about the missing video footage" sufficient to reflect Defendant's culpability.   Obj. at 6–8.

In its April 2020 Order, this Court observed that the parties "agree[d] that the recess period was scheduled from 11:30 AM to 11:50 AM on the relevant date," yet Defendant's surveillance camera recorded "3 minutes and 25 seconds" of footage between 11:03 AM and ending at 11:33 AM.   Apr. 2020 Order at 3–5.   This gave the Court "pause" and raised two questions:   (1) "[W]hy [does] a video . . . purporting to be a 30-minute video[] only contain[] 3 minutes and 25 seconds of footage?" and (2) "[W]hy [does] the video cover[] a 30-minute period (11:03 am to 11:33 am) that does not line up with the scheduled recess time (11:30 am to 11:50 am)?"  *Id.*

To the first, Defendant's affiant explains in detail how the school's video system works, representing that the recording function "was not constant, but instead was motion activated."  *See* Hannan Affs.   In the recorded timeframe, motion activation captured 3 minutes and 25 seconds of video.  *See id.*

Page **14** of **16**

To the second, Defendant traces the discrepancy to Plaintiffs' reiteration, for over a year, that A.W.S.'s injury occurred between 11:10 AM and 11:30 AM, the time period captured by the video. Plaintiffs' March 5, 2018 litigation hold letter expressly states, "The recess time period of the injury was approximately between 11:10–11:30 AM." Ex. C to Def. Opp. [DE 85]. Plaintiffs' March 27, 2018 claim letter again noted the incident occurred between 11:10 AM and 11:30 AM. Ex D to Def. Opp. [DE 86]. Plaintiffs' Complaint, filed February 19, 2019, repeated that the incident occurred in that specific time frame. Compl. ¶ 20 [DE 1]. In their Requests for Admission served June 10, 2019, Plaintiffs again made several references to the 11:10 AM-to-11:30 AM recess and none to one held between 11:30 AM-to-11:50 AM. Req. for Admis. ¶¶ 3–5, Ex. D to Def. Opp. [DE 88]. By the time Plaintiffs refocused their efforts to the 11:30 AM to 11:50 AM timeframe, the video had been deleted pursuant to Defendant's retention policy. *See* Hannan Affs.

In light of Defendant's answers, the Court's *de novo* review reaches the same conclusion as Judge Lindsay. Rule 37 permits sanctions if the spoliating party "not merely [intended] to perform an act that destroys [electronically stored information] but rather [intended] to actually deprive another party of evidence." *Mule v. 3-D Bldg. & Constr. Mgmt. Corp.*, 2021 WL 2788432, at *12 (E.D.N.Y. July 2, 2021) (quoting *Charlestown Capital Advisors, LLC v. Acero Junction, Inc.*, 2020 WL 5849096, at *2 (S.D.N.Y. Sept. 30, 2020)). A Court may impose sanctions under Rule 37(e) if electronic information "is lost 'because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery.'"

*Best Payphones, Inc. v. City of New York*, 2016 WL 792396, at \*4 (E.D.N.Y. Feb. 26, 2016) (quoting Fed. R. Civ. P. 37(e)).   Given how Defendant's surveillance video functioned and Plaintiffs' longstanding representation that recess took place during the time period reflected in the video, Defendant has rebutted any inference that they intentionally sought to deprive Plaintiffs of evidence or acted unreasonably. *Rothman v. City of New York*, 2019 WL 6210815, at \*4 (S.D.N.Y. Nov. 21, 2019) (no inference of intent to deprive where "the footage was destroyed in the course of business and pursuant to a pre-existing retention policy.").

Plaintiffs' objection is overruled.

## CONCLUSION

For the reasons discussed above, Plaintiffs' objections are overruled and Judge Lindsay's R&R is adopted in full.   Plaintiffs' motion to strike affirmative defenses is denied because it is untimely and the inclusion of such defenses does not sufficiently prejudice Plaintiffs to warrant striking them.   Plaintiffs' motion to strike Defendant's answer for spoliation is denied because Plaintiffs have not demonstrated sufficient prejudice nor Defendant's culpable state of mind.

**SO ORDERED.**

Dated: Central Islip, New York                    s/ Denis R. Hurley
     April 20, 2022                              Denis R. Hurley
                                                United States District Judge